IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

CHARLES C. CURRIER, et al.,

        Plaintiffs,

v.                                                No. CIV 97-477 BB/JHG

TOM DORAN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## PERMITTING AMENDMENT

THIS MATTER is before the Court on the *Plaintiffs' Motion to Amend Complaint* [Doc. #17]. The Court having considered the briefs of counsel, FINDS the motion is well taken and it will be Granted.

## Discussion

Plaintiffs filed their original complaint in April 1997. Defendants answered in April and June, respectively. Following the Court's *Initial Scheduling Order* of August 27, 1997, the parties met and conferred. Defendants then furnished Plaintiffs with a substantial number of documents from the case record. Plaintiffs have examined these documents and now seek to amend their complaint by

revising certain factual allegations and by joining an additional defendant, Regina Sentell. Defendants oppose the amendment of the complaint.

Plaintiffs contend that Defendants - two social workers and their supervisors - abdicated professional judgment by having Anthony Michael Juarez and Latasha Juarez removed from their mother's home, permitting and/or recommending physical custody to the children's father, and subsequently failing to monitor that placement properly. Plaintiffs further allege Defendants failed to remove the children from the father's home even though there were abundant signs that the children were suffering physical abuse. After physical custody of the children was placed with their father, the proposed amended complaint alleges that the social workers failed to conduct adequate investigations into repeated allegations of abuse by the father and failed to remove custody from him. Proposed Am. Compl. ¶ 21. Plaintiffs claim that as a result of Defendants' acts and omissions, Latasha was severely beaten, and Anthony died two and a half weeks after being doused with boiling water at his father's home.

The proposed amendment to the complaint would also add a new party, social worker Sentell, who was allegedly responsible for monitoring and supervising the children in the home of their natural father. ¶ 8. The allegations against Ms. Sentell are that at least one communication indicating child abuse was

received by Defendant Doran and referred to her for investigation. Ms. Sentell then allegedly discovered bruises on the children, but concluded that the bruises were not indicative of child abuse and failed to initiate removal. ¶ 31.

Under the Federal Rules of Civil Procedure, amendment of a complaint is generally favored. *Bank v. Pitt*, 928 F.2d 1102 (11th Cir. 1991). Leave to amend "shall be freely given when justice so requires [and] whether to grant such leave is within the discretion of the trial court." *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). However, Defendants argue that granting the motion to amend would be "futile" as the proposed amendments are legally inadequate. *See First City Bank*, 820 F.2d at 1132, and *Cooper v. Shumway*, 780 F.2d 27 (10th Cir. 1985). Defendants advance three arguments: (1) Since Defendants will rely on qualified immunity, Plaintiffs must meet a "heightened" pleading standard; (2) the State had no duty toward the children as it merely permitted them to return to their natural father; and (3) Defendant Sentell may be able to advance a statute of limitations defense to one of the claims. The Court finds these arguments unpersuasive.

A review of the complaint indicates it satisfies Tenth Circuit pleading standards which require that Plaintiffs plead "specific, non-conclusory allegations

of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken" amounted in this context to an abdication of Defendants' professional judgment. *Breidenbach v. Bolish*, 126 F.3d 1288, 1293 (10th Cir. 1997); *see Yvonne L. v. New Mexico Dep't of Human Servs.*, 959 F.2d 883, 893-94 (10th Cir. 1992).

Second, Defendants Doran and Medina argue that Ms. Sentell merely did an investigation of children not in State custody, but rather under the care of their father, and therefore that there is no legal duty under *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189 (1989). *See* Ex. 1. The applicability of *DeShaney* is somewhat unclear when, as in this case, the State itself is responsible for removing the children from their mother and delivering them to their father. *See, e.g., Ford v. Johnson*, 899 F. Supp. 227 (W.D. Pa. 1995). If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1487 at 637-42 (2d ed. 1990). While further discovery and/or legal developments may prove Defendants' position correct, then, it does not appear appropriate to decide the issue on a motion to amend the complaint. *WIXT Television, Inc. v. Meredith Corp.*, 506 F. Supp. 1003 (N.D.N.Y. 1980).

Finally, Defendants argue that the claims against proposed Defendant Sentell are untimely.  *See* Defs.' Br. at 5-6.  Defendants. however, concede that Latasha's claims, at least, "may be subject to the tolling provisions of N.M. Stat. Ann. § 37-1-10."  *Id.* at 6, n. 1.  To the extent that the claims of Anthony's estate against Ms. Sentell may be barred, the limitations defense is more properly asserted and resolved as an affirmative defense under Federal Rule of Civil Procedure 8(c).  *Smith v. Costa Lines, Inc.,* 97 F.R.D. 451 (N.D. Cal. 1983).

## O R D E R

Plaintiffs' motion to amend is **GRANTED**, and Defendants will be given FORTY-FIVE DAYS to file an Answer to the First Amended Complaint, which is attached to Plaintiffs' motion.

Dated at Albuquerque this 27th day of February, 1998.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiffs:
    William P. Dixon, Charles K. Purcell, Rodey Law Firm, Albuquerque, NM
    Michael L. Stout, Stout & Winterbottom, Roswell, NM
Counsel for Defendants:
    Paula I. Forney, State of New Mexico, RMD-Legal Bureau, Santa Fe, NM
    Timothy V. Flynn-O'Brien, Bryan & Flynn-O'Brien, Albuquerque, NM