IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

CHARLES C. CURRIER, as personal representative of the Estate of Anthony Michael Juarez, deceased, and DEVONNE ESPERANZA JUAREZ, as mother and next friend of Latasha Juarez, a minor,

    Plaintiffs,

v.                                                  No. CIV 97-477 BB/JHG

TOM DORAN, in his personal capacity acting under color of state law; SHIRLEY MEDINA, in her personal capacity acting under color of state law; REGINA SENTELL, in her personal capacity acting under color of state law; MELBA GONZALES, in her personal capacity acting under color or state law; and KELLY ROBBINS, in her personal capacity acting under color of state law,

    Defendants.

_____

In the Matter of PAULA I. FORNEY. an attorney admitted to practice before the United States District Court for the District of New Mexico.                        Misc. No. 8058

## MEMORANDUM OPINION
## AND
## ORDER ON SANCTIONS

**THIS MATTER** is before the Court on a *Memorandum Opinion and Recommendation* [#71] from Chief Magistrate Judge William Deaton to whom the matter was referred for further investigation. Having previously held a hearing, the Court has now reviewed the transcript of the evidentiary hearing held by Judge Deaton, the Magistrate Court's *Memorandum Opinion and Recommendation*, and the *Response on Behalf of Paula Forney* [#72]. Based on the above, the Court concludes defense counsel, Paula Forney, was negligent but did not act in bad faith or intentionally mislead the Court or opposing counsel. The Court will accordingly reaffirm its order requiring Defendants to pay attorney's fees to opposing counsel and additionally formally reprimand Paula Forney for her failure to take prompt action to rectify this problem.

### *Discussion*

Although the exact mechanics of how defense counsel managed to file one brief and serve another are still somewhat obscure, based on the testimony of Ms. Forney's former secretary, Yvonne Montoya, it seems fairly clear Ms. Forney did

not intend to mislead the Court or opposing counsel. Given the spatial relationship between Ms. Forney (in Albuquerque) and her secretary (in Santa Fe), Ms. Montoya's explanation of recalling the wrong summary judgment brief from the computer for filing with the "package" required by D.N.M.LR-Civ. 7.6(d)(4) is believable.

However, this Court agrees with Judge Deaton that it is Ms. Forney's actions following the Court's issuance of a summary judgment on qualified immunity, a ground not covered by the brief served on opposing counsel, that is most troubling. Even if Ms. Forney thought it likely the Court addressed the qualified immunity issue *sua sponte*, a somewhat odd conclusion given the fact it was addressed only in the brief she decided against filing, clearly she should not have waited a week to fully investigate the matter with opposing counsel. Had she promptly investigated, Ms. Forney would have discovered the discrepancy between the brief she filed and the brief that was served upon opposing counsel. Her filed brief could have then been easily withdrawn, D.N.M.LR-Civ. 7.9, and a motion for sanctions would not have been necessary. Moreover, her decision not to withdraw the brief once contacted by opposing counsel is indeed troubling.

**Obviously, opposing counsel should not have been required to file a motion and brief for sanctions if this matter had been promptly and fully investigated by defense counsel. Plaintiffs' attorney's fees and the costs necessitated by defense counsel's failure to promptly remedy her error are therefore appropriate.** *Quiroga v. Hasbro, Inc.*, **934 F.2d 497 (3d. Cir.),** *cert. denied*, **502 U.S. 940 (1991);** *D'Aquino v. Citicorp/Diner's Club, Inc.*, **139 F.R.D. 357 (N.D. Ill. 1991).**

**Additionally, legal counsel who fails to correct inaccuracies and misrepresentations promptly is subject to sanctions.** *Soler v. G&U, Inc.*, **138 F.R.D. 47 (S.D.N.Y. 1991). In addition to requiring defense counsel make the Plaintiffs whole through reimbursement of attorney's fees and costs, then, a formal reprimand appears to be the appropriate sanction for negligently filing disparate pleadings and then failing to promptly remedy the problem when discovered.** *Temple v. WISAP USA in Texas*, **152 F.R.D. 591 (D. Neb. 1993);** *In re Krueger*, **307 N.W.2d 184 (Wisc. 1981).**

## O R D E R

**In addition to the fees and costs previously assessed, the Court therefore directs the Disciplinary Committee of the Federal Bar Association to open a file**

on Paula Forney, Esq., and maintain a copy of both Chief Magistrate Judge Deaton's memorandum opinion and this memorandum opinion and order.

Dated at Albuquerque this 20th day of April, 2000.

                                                                         **BRUCE D. BLACK**
                                                                         **United States District Judge**

**Counsel for Plaintiffs:**
    William S. Dixon, Charles Kipp Purcell, Rodey Law Firm, Albuquerque, NM
    Michael L. Stout, Roswell, NM

**Counsel for Defendants:**
    Timothy V. Flynn-O'Brien, Bryan & O'Brien, Albuquerque, NM
    Paula I. Forney, NM Legal Bureau/RMD, Santa Fe, NM

**Counsel for Ms. Forney:**
    Jerry A. Walz, Walz & Associates, Albuquerque, NM